UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARENCE LEE ARTIS JR.,

                Plaintiff,

-against-

SGT. A. BAEZ; C.O. W. ACTON; C.O. B. SHELL; C.O. D. GOODSPEED; C.O. M. SCHRAMMEL; C.O. L. VALDEZ; LT. D. SCHOLONAS; SGT. M. CONKLIN; SGT. J. GOIN,

                Defendants.

24-CV-4376 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Franklin Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging he was subjected to excessive force during his incarceration at Otisville Correctional Facility. By order dated June 17, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Case 7:24-cv-04376-CS   Document 7   Filed 06/25/24   Page 2 of 4

To allow Plaintiff to effect service on Defendants Sgt. A. Baez; C.O. W. Acton; C.O. B. Shell; C.O. D. Goodspeed; C.O. M. Schrammel; C.O. L. Valdez; Lt. D. Scholonas; Sgt. M. Conklin; Sgt. J. Goin through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

Local Rule 33.2 applies to this case.

SO ORDERED.

Dated:   June 25, 2024
        White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sgt. A. Baez
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

2. C.O. W. Acton
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

3. C.O. B. Shell
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

4. C.O. D. Goodspeed
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

5. C.O. M. Schrammel
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

6. C.O. L. Valdez
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

7. Lt. D. Scholonas
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

8. Sgt. M. Conklin
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008

9. Sgt. J. Goin
   Otisville Correctional Facility
   57 Sanitorium Avenue, P.O. Box 8
   Otisville, New York 10963-0008